21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tom REVEILLE, Defendant-Appellant.
 No. 93-55433.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1993.
Decided April 5, 1994.
 
 Before: POOLE, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Tom Reveille operated a low power radio station from his home in Venice, California. The Federal Communications Commission ("FCC"), after investigating and warning appellant, levied a penalty forfeiture against him. The government then brought two suits in district court, to enforce the forfeiture, and for declaratory and injunctive relief to prevent further transmissions. Reveille filed a counterclaim for return of his seized property, appearing pro se as he did in this court. The government moved for summary judgment on all claims. Reveille filed a "notice of objection to motion for summary judgment" the day of the hearing. The district court consolidated the actions and granted summary judgment for the government.
 
 
 3
 Reveille timely appealed, seeking the return of his property and a jury trial.
 
 I.
 
 4
 This court has jurisdiction over the district court's final judgment pursuant to 28 U.S.C. Sec. 1291, and we review the grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1986). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 A party moving for summary judgment
 
 5
 bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.
 
 
 6
 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once that initial burden has been met, Federal Rule of Civil Procedure 56(e)
 
 
 7
 requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."
 
 
 8
 Id. at 324. Thus, when the nonmoving party "failed to present any evidence demonstrating that there were genuine issues for trial," but "merely alleged, without any supporting evidence," summary judgment was properly granted. Hughes v. United States, 953 F.2d 531, 542 (9th Cir.1992).
 
 
 9
 This court, however, reviews both to determine whether there are any issues of material fact, and whether the moving party is entitled to judgment as a matter of law. Therefore, the failure of the nonmoving party to submit evidence is only fatal if the moving party shows evidence sufficient to prevail.
 
 
 10
 In this case, the government supported its motion for summary judgment with affidavits and a videotape from a televised news show, on which Reveille admitted to broadcasting without a license and did not dispute the government's evidence. He responded to the Rule 56 motion with a notice of twelve "objections," unsupported by any evidence beyond the pleadings. Reveille objected to: (1) lack of jurisdiction, (2) denial of due process, (3) prosecution by information, (4) refusal to recognize contract with God, (5) litigation under "admiralty/maritime" jurisdiction, (6) use of an information rather than a grand jury indictment, (7) prosecution in the absence of any showing of loss or damage to anyone's life, liberty or property, (8) failure to explain the charges to him, (9) denial of a jury trial, (10) misapplication of the Federal Communications Act of 1934, 47 U.S.C. Sec. 151 et seq., in the absence of any showing that he had injured the public interest, convenience or the public necessity, (11) existence of issues involving First, Fourth and Ninth Amendments, and (12) a demand for a bill of particulars. Reveille's objections are legal objections; rather than disputing the facts, he challenged the law under which the government sought summary judgment. Therefore, accepting that there were no issues of material fact,[1] this court must review whether the facts as shown by the government entitled it to summary judgment on all claims as a matter of law.
 
 
 11
 Our review is limited to the issues raised on appeal. Reveille stated in his reply brief and confirmed at oral argument that
 
 
 12
 the relief prayed for in my petition is NOT a reversal of the district court's "decision" regarding my challenge to FCC jurisdixn [sic], but rather an order for the IMMEDIATE RETURN OF ALL NON-RADIO PROPERTY UNLAWFULLY SEIZED ON NOVEMBER 13, 1991, and for a jury trial de novo--a genuine Day in Court to replace the district court charade and the proper tribunal to consider the issues raised by my defiant operation of Radio Free Venice
 
 
 13
 ....
 
 
 14
 (emphasis original). Reveille also agreed at oral argument, as he had stated in his reply brief, that his arguments were based on the Fourth, Fifth, Sixth, Seventh and Eighth Amendments. He does not challenge on appeal the FCC jurisdiction over local radio, or raise any First Amendment claims. Therefore, on appeal this court is not asked to address most of Reveille's objections raised below, but solely the constitutional grounds raised in the eleventh objection, and his demand for a jury trial, as raised in the ninth objection.[2]
 
 
 15
 The district court had power to enjoin violation of the Federal Communications Act pursuant to 47 U.S.C. Sec. 401(a). Section 301 makes it unlawful to broadcast radio signals without a license. The United States brought forth sufficient evidence to show that Reveille had broadcast without a license, such that it was entitled to the declaratory and injunctive relief sought. Reveille has argued that the Ninth Amendment reserves the regulation of the right to broadcast to the states (and presumably, he would argue that since there is no regulation by the State of California, he was free to broadcast). However, the Federal Communications Act of 1934 clearly established federal regulation of the airwaves, and the constitutionality of the act has been upheld as an appropriate exercise of Congress' power stemming from the Commerce Clause. See FCC v. League of Women Voters, 468 U.S. 364, 376 (1983) ("[W]e have long recognized that Congress, acting pursuant to the Commerce Clause, has power to regulate the use of this scarce and valuable national resource").
 
 
 16
 The United States was authorized to seize the equipment and the court was authorized to forfeit it pursuant to 47 U.S.C. Sec. 510. Reveille challenged the seizure under the fourth and fifth amendments in his counterclaim, alleging that the warrant used was invalid. By affidavits and other evidence, the United States showed that the seizure was conducted pursuant to a warrant, and that the goods were properly forfeit. Once again, by failing to bring forward any evidence in response, Reveille has failed to make the showing required of a nonmoving party to create a material issue of material fact. Because there is no evidence to support the bare allegations of constitutional violations, the district court correctly awarded summary judgment to the government on its forfeiture claim and on Reveille's counterclaim.
 
 
 17
 Reveille's legal arguments based on the Sixth and Seventh Amendments presumably are related to his objection that he was denied a jury trial. The Sixth Amendment does not apply because this is not a criminal case, and the Seventh Amendment right to trial by jury in some civil cases is not abrogated by summary judgment. If a party cannot show that claims and defenses are adequately based in fact, there is no right to present them to a jury. Celotex, 477 U.S. at 327.
 
 
 18
 Reveille also raised the Eighth Amendment. Civil forfeitures can violate the Excessive Fines Clause of the Eighth Amendment, if they are imposed as punishment. Austin v. United States, 113 S.Ct. 2801, 2806 (1993). It is possible that the forfeiture of Reveille's radio equipment was a punishment, although unlike the assets seized in Austin, the equipment was the instrumentality of misbehavior, and its seizure prevents future violations. However, even if the Eighth Amendment applies to this forfeiture, this forfieture is not constitutionally excessive. The government seized only equipment related to broadcasting, at a value estimated by Reveille to be four thousand dollars.
 
 
 19
 Because appellant did not succeed in raising a genuine issue of material fact, and because the district court correctly applied the relevant law, the grant of summary judgement for the United States is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Reveille did argue there were "issues of material facts worthy of further investigation," but listed these as his entitlement to a bill of particulars, his trial under admiralty/maritime law, and failure to file a grand jury indictment. These are all legal issues
 Further, whether or not Reveille intended to concede in his opposition to summary judgment that there were no genuine issues of fact, he indisputably failed to meet his burden under the Celotex standard to bring forth something more than the pleadings to show a material issue of fact existed.
 
 
 [2]
 Many of Reveille's objections stemmed from a misunderstanding of the law, and would clearly not support reversal even if he had raised them again on appeal. The government's suits against him were civil in nature, and thus there was no prosecution by information, failure to use a grand jury indictment, or right to a bill of particulars. The litigation was also not pursuant to the court's admiralty or maritime jurisdiction, but pursuant to its authority to enforce federal statutes